UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GILBERTO BENZ-PUENTE, JR.,** : | |
|     **Plaintiff,** : | |
| : | |
|     v. : | No. 24-cv-4763 |
| : | |
| **EXPERIAN,** : | |
|     **Defendant.** : | |

# O R D E R

**AND NOW**, this 2nd day of July, 2025, upon consideration of Defendant Experian's Motion for Judgment on the Pleadings and Exhibits attached thereto (ECF No. 12), Plaintiff Gilberto Benz-Puente, Jr.'s Response thereto (ECF No. 15), Defendant's Reply (ECF No. 16), and Defendant's Response (ECF No. 18), and for the reasons set forth in the Memorandum issued this date, it is **ORDERED** that:

    1.    The Motion (ECF No. 12) is **GRANTED IN PART and DENIED IN PART** for the reasons stated in the Court's accompanying Memorandum.

    2.    All claims based on the September 12, 2022, September 19, 2022, October 6, 2022, November 28, 2022, January 11, 2023, February 21, 2023, and February 13, 2024 disputes are **DISMISSED WITH PREJUDICE**. Any claim based on an alleged inaccuracy in Benz-Puente's Experian consumer report that postdates the June 18, 2024 "Award of Arbitrator" in *Benz-Puente v. Experian*, No. 01-23-00037791 (Am. Arb. Assn.) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

    3.    Benz-Puente may file an amended complaint **within thirty (30) days of the date of this Order** limited to the claims dismissed without prejudice described in ¶ 2. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to

1

identifying them in the body of the amended complaint and shall state the basis for Benz-Puente's claims against each defendant and the Court's jurisdiction. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Benz-Puente should be mindful of the Court's reasons for dismissing the Complaint as explained in the Court's Memorandum, meaning that he may not assert a claim based on an inaccuracy in his consumer report that has already been adjudicated. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

    4.    The Clerk of Court is **DIRECTED** to send Benz-Puente a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Benz-Puente may use this form to file his amended complaint if he chooses to do so.

    5.    If Benz-Puente does not wish to further amend and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly

warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6. If Benz-Puente fails to file any response to this Order, the Court will conclude that he intends to stand on his Complaint and will issue a final order dismissing this case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*

**JOSEPH F. LEESON, JR.
United States District Judge**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).